IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MATTHEW D. PINNAVAIA,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>Defendant. | Civil Action No. 05-1208 (PLF) |

### DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)   I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate, at various commands and routinely worked with FOIA matters. I am also an attorney, and have been licensed to practice law in the State of Texas since 1980.

(2)   In my current capacity as Section Chief, I supervise the Freedom of Information/Privacy Acts ("FOIPA") Litigation Support Unit. The statements contained in this

-1-

declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded certain FBI information contained in two Central Intelligence Agency ("CIA") documents which were provided by the CIA to plaintiff Matthew D. Pinnavaia pursuant to his FOIPA request to the CIA which seeks access to CIA records concerning himself.

(4) The FBI information contained in these two CIA documents was referred to the FBI for review and possible release or denial to plaintiff pursuant to the provisions of the FOIPA. Subsequently, the FBI reviewed this information and determined that all of the FBI information is currently classified at the Secret level since release would cause serious harm to national security. The FBI advised the CIA of the current classification of this FBI information and requested that the CIA withhold this FBI information from disclosure to plaintiff in its entirety pursuant to subsection (b)(1) of the FOIA. This declaration will provide justification for the withholding of this FBI information contained in these two CIA documents from disclosure to plaintiff in its entirety pursuant to subsection (b)(1) of the FOIA, 5 U.S.C. § 552 (b)(1).

(5) My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order ("E.O.") 12958, as amended,[1] and the preparation of

---

[1] 60 Fed. Reg. 19825 (1995), and 68 Fed. Reg. 15315 (2003).

declarations in support of Exemption 1 claims under the FOIA.[2]  I have been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 12958, as amended, §§ 1.3 and 3.1.

## DESCRIPTION OF THE TWO CIA DOCUMENTS WHICH CONTAIN FBI INFORMATION

(6)  The two CIA documents which contain FBI information consist of one document consisting of two pages which is dated June 2, 2002 ("Document 1") and one document consisting of one page which is also dated June 2, 2002 ("Document 2").  Copies of these two CIA documents are attached hereto as **Exhibit A**.  (**See Exhibit A**).

(7)  The FBI information in Document 1 is contained in the paragraphs designated as Paragraph 2 on the first page and Paragraph 4 on the first and second pages of this document.  The FBI information in Document 2 is contained in the paragraph designated as Paragraph 2 on the first, and only, page of this document.

(8)  Copies of these three pages of the two CIA documents addressed in this declaration have been provided to plaintiff by the CIA pursuant to his FOIPA request to them.  The FBI information contained in these two CIA documents has been withheld from disclosure to plaintiff by the FBI in its entirety.  The exemption asserted by the FBI as justification for withholding this FBI information from disclosure is Exemption 1 of the FOIA, 5 U.S.C. § 552 (b)(1).

## JUSTIFICATION OF THE WITHHOLDING OF THE FBI INFORMATION CONTAINED IN THESE TWO CIA DOCUMENTS

(9)  As stated in the previous paragraph, the FBI asserted Exemption (b)(1) of the FOIA to withhold from disclosure in its entirety the FBI information contained in these two CIA

---

[2]  5 U.S.C. § 552 (b)(1).

documents. The following paragraphs provide the Court and the plaintiff with the FBI's rationale and justification for the withholding of this FBI information from disclosure to plaintiff in its entirety pursuant to FOIA Exemption (b)(1), 5 U.S.C. § 552 (b)(1).

## FOIA EXEMPTION 1
## CLASSIFIED INFORMATION

(10) 5 U.S.C. § 552 (b)(1) exempts from disclosure those records that are
(A) specifically authorized under criteria established by an Executive Order to be kept Secret in the interest of national defense or foreign policy; and
(B) are in fact properly classified pursuant to such Executive Order . . . .

(11) The FBI's analysis of the withholding of classified information contained in these two CIA documents in a FOIA context is based on the standards articulated in the FOIA statute, 5 U.S.C. § 552 (b)(1). Exemption 1 protects from disclosure those records or information that are "(A) specifically authorized under criteria established by an Executive Order to be kept Secret in the interest of national defense or foreign policy; and (B) are in fact properly classified pursuant to such Executive Order."

(12) The FBI's analysis of whether Exemption 1 permits the withholding of agency records or information consists of two significant steps embodied in the FOIA. First, the FBI must determine whether the information contained in the records is information specifically authorized to be kept secret in the interest of national defense or foreign policy under criteria established by the relevant Executive Order and second, whether that information is properly classified pursuant to that Executive Order.

(13) In order for information to be properly classified it must first satisfy the requirements set forth in Section 1.1 (a) of E.O. 12958, as amended:

(1) an original classification authority is classifying the information;

-4-

  (2)  the information is owned by, produced by or for, or is under the control of the United States Government;

  (3)  the information falls within one or more of the categories of information listed in § 1.4 of this order; and

  (4)  the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage.

(14) As I will explain in further detail below, all FBI information in the two CIA documents which I determined to be classified in my role as a classification authority is marked at the "Secret" level, since the unauthorized disclosure of this information reasonably could be expected to cause serious damage to the national security. See E.O. 12958, as amended, §§ 1.2(a)(2), (a)(3). In addition to these substantive requirements, certain procedural and administrative requirements of E.O. 12958, as amended, must be followed before information can be considered to be properly classified, including the proper identification and marking of the documents. In order to ensure that the information in the documents is properly classified, I made certain that all procedural requirements of E.O. 12958, as amended, were followed:

  (1)  each document was marked as required and stamped with the proper classification designation;[3]

  (2)  each document was marked to indicate clearly which portions are classified, which portions are exempt from declassification as set forth in E.O. 12958, as amended, §§ 1.4 (c), and which portions are unclassified;[4]

  (3)  the prohibitions and limitations on classification specified in E.O. 12958,

---

[3] E.O. 12958, as amended, §§ 1.6 (a) (1) - (5). In this case, no portions of the FBI information are unclassified.

[4] E.O. 12958, as amended, § 1.6 (a) (5) (c).

                    as amended, § 1.7, were adhered to;

(4)    the declassification policies set forth in E.O. 12958, as amended, §§ 3.1 and 3.3 were followed; and

(5)    any reasonably segregable portion of these classified documents that did not meet the standards for classification under E.O. 12958, as amended, were declassified and marked for release, unless withholding was otherwise warranted under applicable law.[5]

## FINDINGS OF DECLARANT

(15)    With the above requirements in mind, I personally and independently examined the FBI information withheld from the plaintiff pursuant to FOIA Exemption 1. As a result of this examination, I determined that the FBI information contained in these two CIA documents warrants classification at the "Secret" level, pursuant to E.O. 12958, as amended, § 1.4, as the release of this FBI information could reasonably be expected to: (c) reveal intelligence activities or methods and (d) reveal information that would seriously and demonstrably impair relations between the United States and a foreign government, or seriously and demonstrably undermine ongoing diplomatic activities of the United States.

## INTELLIGENCE ACTIVITIES AND METHODS

(16)    E.O. 12958, as amended, § 1.4(c), exempts intelligence activities, intelligence sources or methods, or cryptology. Redaction of the FBI information contained in these two CIA documents in its entirety was made to protect intelligence activities or methods. An intelligence activity or method includes any intelligence action or technique utilized by the FBI against a

---

[5] 5 U.S.C. § 552 (b) provides, in part, that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." In this case, the information at issue has been carefully re-examined. Based on our re-review, we have determined that no reasonably segregable portions may be declassified and released.

-6-

targeted individual or organization that has been determined to be of national security interest. An intelligence method is used to indicate any procedure (human or non-human) utilized to obtain information concerning such individual or organization.

(17) The intelligence activities or methods detailed in the withheld information are effective means for the FBI to gather, store or disseminate intelligence information. The criteria utilized by the FBI in these instances to decide what actions by an individual or organization warranted the commencement of an investigation, or caused a certain activity to be given investigative attention over others, could be revealed through disclosure of these intelligence methods. The criteria applied and priorities assigned in these records are used in the FBI's present intelligence or counterintelligence investigations, and are in accordance with the Attorney General's guidelines on FBI intelligence or counterintelligence investigations. The information obtained from the methods is very specific in nature, provided during a specific time period, and known to very few individuals. Disclosure of the specific information which describes the intelligence methods withheld in this case and still used by the FBI today to gather intelligence information could reasonably be expected to cause serious damage to the national security for the following reasons: (1) disclosure would allow hostile entities to discover the current methods used; (2) disclosure would reveal current specific targets of the FBI's national security investigations; and (3) disclosure would reveal the determination of the criteria used and priorities assigned to current intelligence or counterintelligence investigations. Hostile entities could then develop countermeasures which could severely disrupt the FBI's intelligence-gathering capabilities. This would severely damage the FBI's efforts to detect and apprehend violators of the United States' national security and criminal laws.

(18)   It is my determination that the release of this FBI information could permit hostile governments to appraise the scope, focus, location, target and capabilities of the FBI's intelligence gathering methods and activities, and allow hostile agents to devise countermeasures to circumvent these intelligence activities or methods and render them useless in providing intelligence information. This would severely disrupt the FBI's intelligence gathering capabilities. I have therefore determined that this FBI information is properly classified at the "Secret" level pursuant to E.O. 12958, as amended, §1.4 (c) and withheld from disclosure pursuant to Exemption 1.

### FOREIGN RELATIONS OR FOREIGN ACTIVITIES

(19)   E.O. 12,598, as amended, § 1.4(d), exempts information that affects the foreign relations or foreign activities of the United States with other governments.

(20)   Information that identifies intelligence information gathered by the United States either about or from a foreign country is sensitive. This condition exists due in part to the delicate nature of international diplomacy. This information must be handled with care so as not to jeopardize the fragile relationships that exist among the United States and certain foreign governments.

(21)   The unauthorized disclosure of information concerning foreign relations or foreign intelligence activities of the United States can reasonably be expected to lead to diplomatic or economic retaliation against the United States; identify the target, scope or time frame of intelligence activities of the United States in or about a foreign country, which may result in the curtailment or cessation of these activities; enable hostile entities to assess United States intelligence gathering activities in or about a foreign country and devise countermeasures against

these activities; or compromise cooperative foreign sources which may jeopardize their safety and curtail the flow of information from these sources. I have therefore determined that this FBI information is properly classified at the "Secret" level pursuant to E.O. 12958, as amended, §1.4 (d) and withheld from disclosure pursuant to Exemption 1.

## DEFENDANT'S BURDEN OF ESTABLISHING EXEMPTION ONE CLAIMS

(22)    The information withheld pursuant to Exemption 1 was examined in light of the body of information available to me concerning the national defense and foreign relations of the United States. This information was not examined in isolation. Instead, each individual piece of information was evaluated with careful consideration given to the impact that disclosure of this information will have on other sensitive information contained elsewhere in the United States intelligence community's files. Equal consideration was given to the impact that other information either in the public domain or likely known or suspected by present or potential adversaries of the United States, would have upon the information I examined.

(23)    In those instances where, in my judgment, the disclosure of this information could reasonably be expected to cause serious damage to the national security, and its withholding outweighed the public benefit of disclosure, I exercised my prerogative as an original classification authority and designated that information as classified in the interest of national security, and invoked Exemption 1 to prevent disclosure. Likewise, the justifications for the withheld classified information were prepared with the intent that they be read with consideration given to the context in which the classified information is found.

(24)    This context includes not only the surrounding unclassified information but also

other information already in the public domain, as well as information likely known or suspected by other hostile intelligence entities. It is my judgment that any greater specificity in the descriptions and justifications set forth with respect to intelligence methods and intelligence activities, in this public declaration, could reasonably be expected to jeopardize the national security of the United States.

## CONCLUSION

(25) The FBI carefully examined the FBI information contained in these two CIA documents and this FBI information was withheld from disclosure to plaintiff in its entirety pursuant to subsection (b)(1) of the FOIA, 5 U.S.C. § 552 (b)(1). Furthermore, the FBI carefully re-examined its information contained in these two CIA documents pursuant to this litigation and determined that the FBI information withheld in its entirety from plaintiff is properly classified at the Secret level and, if disclosed, could reasonably be expected to seriously damage the national security of the United States. Additionally, the FBI determined that no reasonably segregable portions of this properly classified FBI information may be declassified and released to plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of January, 2006.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Federal Bureau of Investigation
Washington, D.C.

# EXHIBIT A

# CIA DOCUMENT 1

AUG.25.2005  10:57AM

++SECRET
C
D          9027016420142ASR    02-0756668           MIDB
                                         20020613161411 OPID

//  * HUMINT *        SECRET     FBIS
                                           STAFF

ACTION:          INFO

02 0756668  ASR           PAGE 001        IN 0756668
                    TOR: 1320142 JUN 02

S E C R E T 1320152 JUN 02 STAFF

CITE                                               (b)(1)
                                                   (b)(3)
TO: DIRECTOR INFO                                  (j)(1)
                                                   (k)(1)
FOR: LIMITED DISSEM         INFO

SLUGS: HUMINT OPS KIRAT
                                        DATE: 14/29/09    65179DMH/HK9/MA
SUBJECT: TRACE REQUEST ON MATTHEW DAVID PINNAVAIA   FBI INFO.CLASSIFIED BY
                                        REASON: 1.4(c,D)
REF: NONE                               DECLASSIFY ON: 11/29/2029

TEXT:

   1. ACTION REQUIRED: REQUEST TRACES ON MATTHEW DAVID PINNAVAIA PER BELOW.

   2. REQUEST TRACES ON MATTHEW DAVID ((PINNAVAIA)), DPOB 20MAY1958, HUNTINGTON, NEW YORK. PINNAVAIA CURRENTLY LIVES IN OCEANSIDE, CA. SSN 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.

[redacted]                                    b1 (per FBI)

   3. REQUEST ADDEE TRACES ON PINNAVAIA. GIVEN THAT THE LATTER IS A US CITIZEN [redacted]
                    STATION TRACES WERE NEGATIVE.
REGARDS.
   4. FILE: NONE              NAME: ((PINNAVAIA))
  MATTHEW DAVID; SEX [redacted] POB: HUNTINGTON; CIT: NEW
YORK; LOC: OCEANSIDE, CA;                              b1 (per FBI)

PAGE 1

Page 2



b1 (PeR FBI)

FROM  ~~SS~~  CL BY:  CL REASON: ~~SECRET~~    b1
CABLETYPE:
END OF MESSAGE    ~~SECRET~~

~~SECRET~~

Page 2

# CIA DOCUMENT 2

```
                                                    CL BY:
                                                    CL REASO
                                                    DECL ON
                                                    DRV FROM

++SECRET++RYBAT      3230341721414ZASP   02-0874822              MIDB
C  79988DIRR                                         20020621101421 OPID
D
  / /  " HUMINT "                    SECRET         PRE.
                                                    STAFF

   CONF:          INFO:



02 0874022    ASP               PAGE 001          DIRECTOR 323034
                            TOT: 211414Z JUN 02
```

S E C R E T
STAFF
                              211414Z DIRECTOR 323034
TO: PRIORITY       INFO

FROM: LIMITED DISSEM      INFO

SLUGS: WNINTEL OPS RYBAT

SUBJECT: TRACE RESPONSE ON MATTHEW DAVID PINNAVAIA     (b)(1)
                                                       (b)(3)
REF:          02 0756668 1                             (j)(1)
                                                       (k)(1)

TEXT:

1. ACTION REQUIRED: PLEASE SEE BELOW.

2. HQS GREATLY APPRECIATED REF ON MATTHEW DAVID               b1 (per FBI)
(PINNAVAIA)                              IN RESPONSE TO REF
QUERY, SEARCH OF HQS DATABASES SURFACED NO/NO IDENTIFIABLE
INFORMATION ON PINNAVAIA.

3.                         BEST REGARDS.
                                           CL REASON:
                           CL BY:
FILE:
ACODRD:
CABLETYP:
REINO:
ORIG:
                                  DATE: 12/25/07      65179 DMH/HK9/mdf
END OF MESSAGE          SECRET    FBI INFO. CLASSIFIED BY
                                  REASON: 1.4(c,d)   2029
                                  DECLASSIFY ON: 12/25/2029

                                                              page 1
                     SECRET
                                                              ②